## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ROGER ALAN MOSELEY, | ) |
| AIS #253353, | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:22-000157-KD-N |
| | ) |
| WARDEN BUTLER, | ) |
|     Respondent. | ) |

### <u>ORDER</u>

This action is before the Court on Petitioner Roger Alan Moseley's Petition for a Wirt of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Moseley, an Alabama prisoner proceeding pro se, certified that he delivered his original petition to prison officials for mailing on April 14, 2022. (Doc. 1, PageID.12).[1] The Court ordered Moseley to file an amended petition on the Court's form (Doc. 2). Moseley complied, submitting his first amended petition to prison officials for mailing on May 2, 2022. (Doc. 3, PageID.27). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[1] The assigned District Judge has referred the petition to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)–(b) and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (4/19/2022 electronic reference).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the assigned judge to "promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon preliminary review, the undersigned finds that it plainly appears Moseley is not entitled to relief because, based on the information alleged, his petition is time-barred.

Because Moseley's habeas petition was filed after April 24, 1996, it is subject to the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). *E.g.*, *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1281 (11th Cir. 2012). AEDPA imposes the following time limit for bringing habeas petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Nothing in Moseley's operative petition supports running his one-year limitations period from any of the dates in §§ 2244(d)(1)(B)–(D).[2] Thus, Moseley ha[d] "one year from the date his judgment of conviction and sentence bec[a]me[] final to file a petition for a writ of habeas corpus in federal court." *Walton v. Sec'y, Florida Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)).

Moseley challenges a criminal judgment handed down by the Circuit Court of Mobile County, Alabama on May 9, 2007.[3] (Doc. 3, PageID.17). The Alabama Court of Criminal Appeals affirmed the trial court's ruling on April 30, 2008.[4] *See* (Doc. 3, PageID.18); *Moseley v. State*, 21 So. 3d 800 (Ala. Crim. App. 2008). The ACCA denied

---

[2] In attempting to explain why his § 2254 petition is not time barred, Moseley argues that state courts denied his previous attacks on his convictions and he "[d]id not know about" his current legal positions "until now." (Doc. 3, PageID.26). This argument, however, is unavailing. The Eleventh Circuit held that § 2244(d)(1)(D) applies "when the prisoner knows (or through diligence could discover) the important facts, *not when the prisoner recognizes their legal significance.*" *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1157 (11th Cir. 2014). As for § 2244(d)(1)(C), Moseley fails to invoke any right newly recognized by the Supreme Court of the United States.

[3] Because Moseley challenges a criminal judgment handed down by a state court within this judicial district, *see* 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his habeas petition. *See* 28 U.S.C. § 2241(d).

[4] Moseley states only that the ACCA affirmed the trial court in "April 2008," (Doc. 3, PageID.18) even though the ACCA's published table decision indicates that it affirmed his conviction on March 21, 2008, *see Moseley*, 21 So. 3d at 800. The Court will construe this allegation in the light most favorable to Moseley and assume the ACCA issued its ruling on the latest possible date in April 2008.

Moseley's subsequent application for a rehearing, although he does not specify when this occurred. (*See* Doc. 3, PageID.18). Moseley indicates that he did not file a petition for a writ of certiorari with the Supreme Court of Alabama. (Doc. 3, PageID.18). Moseley's AEDPA clock would have started the day after his deadline for filing a petition for a writ of certiorari in the Supreme Court of Alabama expired. Ala. R. App. P. 39 ("The petition for the writ of certiorari shall be filed . . . within 14 days (2 weeks) of the decision of the Court of Criminal Appeals on the application for rehearing . . . ."); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that the AEDPA clock begins "when the time for pursuing direct review" in the Supreme Court of the United States "or in state court, expires"); *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("Under Fed. R. Civ. P. 6(a)(1), 'in computing any time period specified in . . . any statute that does not specify a method of computing time . . . [we must] exclude the day of the event that triggers the period[,] count every day, including intermediate Saturdays, Sundays, and legal holidays[, and] include the last day of the period,' unless the last day is a Saturday, Sunday, or legal holiday.").

Given Moseley's contention that he filed an Alabama Rule of Criminal Procedure 32 petition in the Circuit Court of Mobile County in June 2008—presumably less than a month after the ACCA affirmed the trial court's judgment of conviction—the Court will assume at this stage of the litigation that his AEDPA clock did not begin before tolling. The AEDPA "limitation period is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review' is pending." *Walton*, 661 F.3d at 1310 (quoting 28 U.S.C. § 2244(d)(2)). These

4

proceedings ended on June 30, 2009,[5] when Moseley claims the highest state court having jurisdiction denied his postconviction motion. (*See* Doc. 3, PageID.20). Therefore, Moseley's AEDPA clock began running on July 1, 2009.[6]

Under § 2244(d), Moseley had until July 1, 2010, to file a federal habeas petition challenging his Mobile County criminal judgment. Moseley filed his original § 2254 petition on April 14, 2022—over 11 years after his AEDPA clock expired. Accordingly, Moseley filed his petition outside of AEDPA's statute of limitations.

The Eleventh Circuit Court of Appeals has held that a court may dismiss sua sponte a habeas petition as time-barred under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts without first ordering a response from the state so long as (1) the petitioner is given "notice of its decision and an opportunity to be heard in opposition[,]" *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (per curiam), and (2) the respondent is given similar notice and "an opportunity to respond, including an opportunity to inform the District Court if it intend[s] to waive the timeliness defense." *Id.* at 655. Accordingly, Moseley is hereby granted until **June 17, 2022**, to file any briefing and supporting materials he deems necessary showing cause why his habeas petition should not be dismissed as

---

[5] Moseley again fails to specify the exact date of this decision, alleging only that it occurred in "Jun[e] 2009." (*See* Doc. 3, PageID.20). The Court will construe this allegation in the light most favorable to Moseley and assume the highest state court having jurisdiction issued its ruling on the latest possible date in June 2009.

[6] Unlike in direct appeals, the time for seeking certiorari review with the United States Supreme Court in state post-conviction proceedings does not toll the AEDPA clock. *See Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007).

time-barred under § 2244(d)(1)(A) for the reasons explained above. Any response the Respondent may wish to make to this order must also be filed and served by the same deadline.[7] The Clerk of Court is **DIRECTED** to serve copies of this Order and Moseley's first amended petition (Doc. 3) on the Respondent and the Attorney General of Alabama.[8]

Because Moseley is proceeding pro se in this action, he is given notice that certain equitable exceptions may excuse an untimely habeas claim. First,

> the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling. As the Supreme Court has explained, the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and Section 2244 does not bar the application of equitable tolling in an appropriate case. *Holland v. Florida,* 560 U.S. 631, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).

> The Supreme Court []affirmed, however, that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.' " *Holland,* 130 S. Ct. at 2565 (internal quotation marks and citation omitted). As for the "extraordinary circumstance" prong, [it] require[s] a defendant to show a causal connection between the alleged extraordinary circumstances and the

---

[7] The Respondent is not required to address any response from Moseley unless expressly directed to do so by subsequent order.

[8] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.").

late filing of the petition. *See Lawrence v. Florida,* 421 F.3d 1221, 1226–27 (11th Cir. 2005).

*San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (footnote omitted).

Second,

> [i]n *McQuiggin* [*v. Perkins*]*,* the Supreme Court held that a federal habeas petitioner can qualify for an equitable exception to the one-year statute of limitation and obtain federal review of his claims about constitutional errors in his state court proceedings if he satisfies the threshold test established in *Schlup* [*v. Delo,* 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)]. *McQuiggin,* 133 S. Ct. [1924,] 1928[ (2013)]. Under that test, the petitioner must "persuade[ ] the [habeas] court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup,* 513 U.S. at 329, 115 S. Ct. at 868). The test devised in *Schlup* is intended to "ensure[ ] that [the] petitioner's case is truly extraordinary, while still provide petitioner a meaningful avenue by which to avoid a manifest injustice." 513 U.S. at 327, 115 S. Ct. at 867 (internal quotation marks and citation omitted). The petitioner must prove that "he is 'actually innocent,' " *id.* at 327, 115 S. Ct. at 867, by producing "new reliable evidence ... not presented at trial," *id.* at 324, 115 S. Ct. at 865, that "raise[s] sufficient doubt about [his] guilt to undermine confidence in the result of the trial," *id.* at 317, 115 S. Ct. at 862.

*Brown v. Sec'y, Fla. Dep't of Corr.*, 580 F. App'x 721, 726–27 (11th Cir. 2014) (per curiam) (unpublished).

Moseley is reminded that, under this Court's Local Rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and . . . must promptly notify the Clerk of any change of address . . . . Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action . . . ." S.D. Ala. GenLR 83.5(b).

**DONE** and **ORDERED** this the 19th day of May 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**