IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROGER ALAN MOSELEY, ) | |
| AIS #253353 ) | |
|     Petitioner, ) | |
| ) | CIVIL ACTION NO. 1:22-cv-157-KD-N |
| v. ) | |
| ) | |
| WARDEN BUTLER, et al., ) | |
|     Respondents. ) | |

## REPORT AND RECOMMENDATIONS

This action is before the Court[1] on an amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by Petitioner Roger Moseley (Docs. 3).[2] Moseley – an Alabama prisoner proceeding *pro se* – filed the operative amended § 2254 petition on May 2, 2022.[3] (*Id.*). Petitioner has also filed a motion to proceed without being time barred. (Doc. 9). For the reasons stated herein, the undersigned **RECOMMENDS** Moseley's motion to proceed without being time barred be **DENIED**. In accordance with this first recommendation, the undersigned further **RECOMMENDS** Moseley's § 2254 petition be **DISMISSED with prejudice**.

---

[1] The assigned District Judge has referred the petition to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b) and S.D. Ala. GenLR 72(a). See S.D. Ala. GenLR 72(b); (5/4/2022 and 7/7/2022 electronic references).

[2] Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to the appropriate disposition of the petition in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing 2254 Cases in the United States District Courts.

[3] Under the "mailbox rule," inmate filings are deemed filed on the date of delivery to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

1

## I. *Procedural History and Factual Background*

Moseley was convicted on May 9, 2007, in the Circuit Court of Mobile County, Alabama for one count of reckless murder and sentenced to 50 years' imprisonment. (Doc. 3, PageID.17). Moseley appealed to the Alabama Court of Criminal Appeals, which affirmed the trial court's ruling on April 30, 2008. (Doc. 3, PageID.18). Petitioner further indicates that he filed a petition for rehearing, which was denied, but does not provide a date. (*Id.*). Additionally, his petition indicates he did not file a petition for certiorari. (*Id.*).

Moseley filed an initial petition under 28 U.S.C. § 2254 on April 14, 2022. (Doc. 1). Finding this petition to be on the incorrect form, in an order dated April 21, 2022, Petitioner was instructed to refile on the proper form and either pay the statutory filing fee for file a motion to proceed *in forma pauperis*. (Doc. 2). Petitioner timely complied with the Court's instructions, remitting the statutory filing fee and filing the operative amended § 2254 petition on May 2, 2022. (Doc. 3).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"), the Court "promptly examine[d]" Moseley's petition, finding it to be time barred under the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").[4]

---

[4] AEDPA imposes the following time limitation for bringing § 2254 petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

In an order dated May 19, 2022, the undersigned explained that nothing in Moseley's petition supported the running of his one-year limitations period from the dates provided by §§ 2244(d)(1)(B)-(D) and determined his one-year AEDPA clock began running July 1, 2009. (*See* Doc. 5, PageID.31-33). Thus, under § 2244(d), Moseley had until July 1, 2010, to file a federal habeas petition challenging his state court judgment. (*See* Doc. 5, PageID.33).

In accordance with this finding, the undersigned determined Moseley's petition was subject to *sua sponte* dismissal because it was filed more than 11 years after his AEDPA clock expired. (*Id.*). Accordingly, the Court provided Moseley with an opportunity to file any briefing and supporting materials deemed necessary to show cause as to why his § 2254 petition should not be dismissed as time barred. (Doc. 5, PageID.33-34). This opportunity was equally provided to Respondent Warden Butler. (*Id.*). In light of Moseley's *pro se* status, this order also provided him with notice of certain equitable exceptions that may excuse an otherwise untimely habeas claim. (*See* Doc. 5, PageID.34-35).

Following an extension (*see* Doc. 8), Moseley filed a timely motion to proceed without being time barred. (Doc. 9). Respondents also filed a timely answer. (Doc. 10).

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States in removed, if the applicant was prevent from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

3

Both the motion to proceed without being time barred and the operative amended § 2254 petition are now ripe for disposition.

## II.   *Analysis*

Moseley's § 2254 petition is subject to AEDPA because his judgment became final after April 24, 1996. *See Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000) (explaining AEDPA's timeliness standards). Thus, his one-year period under AEDPA runs from latest of:

> (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States in removed, if the applicant was prevent from filing by such State action;
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1). As the undersigned explained in the Court's May 12, 2022, order:

> Nothing in Moseley's operative petition supports running his one-year limitations period from any of the dates in §§ 2244(d)(1)(B)–(D).[5] Thus, Moseley ha[d] "one year from the date his judgment of conviction and sentence bec[a]me[] final to file a petition for a writ of habeas corpus in federal court." *Walton v. Sec'y, Florida Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)).

---

[5] In attempting to explain why his § 2254 petition is not time barred, Moseley argues that state courts denied his previous attacks on his convictions and he "[d]id not know about" his current legal positions "until now." (Doc. 3, PageID.26). This argument, however, is unavailing. The Eleventh Circuit held that § 2244(d)(1)(D) applies "when the prisoner knowns (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1157 (11th Cir. 2014). As for § 2244(d)(1)(C), Moseley fails to invoke any right newly recognized by the Supreme Court of the United States.

4

Moseley challenges a criminal judgment handed down by the Circuit Court of Mobile County, Alabama on May 9, 2007.[6] (Doc. 3, PageID.17). The Alabama Court of Criminal Appeals affirmed the trial court's ruling on April 30, 2008.[7] *See* (Doc. 3, PageID.18); *Moseley v. State*, 21 So. 3d 800 (Ala. Crim. App. 2008). The ACCA denied Moseley's subsequent application for a rehearing, although he does not specify when this occurred. (See Doc. 3, PageID.18). Moseley indicates that he did not file a petition for a writ of certiorari with the Supreme Court of Alabama. (Doc. 3, PageID.18). Moseley's AEDPA clock would have started the day after his deadline for filing a petition for a writ of certiorari in the Supreme Court of Alabama expired. Ala. R. App. P. 39 ("The petition for the writ of certiorari shall be filed . . . within 14 days (2 weeks) of the decision of the Court of Criminal Appeals on the application for rehearing . . ."); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that the AEDPA clock begins "when the time for pursuing direct review" in the Supreme Court of the United States "or in state court, expires"); *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("Under Fed. R. Civ. P. 6(a)(1), 'in computing any time period specified in . . . any statute that does not specify a method of computing time . . . [we must] exclude the day of the event that triggers the period[,] count every day, including intermediate Saturdays, Sundays, and legal holidays[, and] include the last day of the period,' unless the last day is a Saturday, Sunday, or legal holiday.").

Given Moseley's contention that he filed an Alabama Rule of Criminal Procedure 32 petition in the Circuit Court of Mobile County in June 2008 – presumably less than a month after the ACCA affirmed the trial court's judgment of conviction – the Court will assume at this stage of the litigation that his AEDPA clock did not begin before tolling. The AEDPA "limitation period is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review' is pending." *Walton*, 661 F.3d at 1310 (quoting 28 U.S.C. § 2244(d)(2)). These proceedings ended on June 30, 2009,[8] when Moseley

---

[6] Because Moseley challenges a criminal judgment handed down by a state court within this judicial district, *see* 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his habeas petition. *See* 28 U.S.C. § 2241(d).

[7] Moseley states only that the ACCA affirmed the trial court in "April 2008," (Doc. 3, PageID.18) even though the ACCA's published table decision indicates that it affirmed his conviction on March 21, 2008, *see Moseley*, 21 So. 3d at 800. The Court will construe this allegation in the light most favorable to Moseley and assume the ACCA issued its ruling on the latest possible date in April 2008.

[8] Moseley again fails to specify the exact date of this decision, alleging only that it occurred in "Jun[e] 2009." (*See* Doc. 3, PageID.20). The Court will construe this allegation in the light most favorable

> claims the highest state court having jurisdiction denied his postconviction motion. (*See* Doc. 3, PageID.20). Therefore, Moseley's AEDPA clock began running on July 1, 2009.[9]
>
> Under § 2244(d), Moseley had until July 1, 2010, to file a federal habeas petition challenging his Mobile County criminal judgment. Moseley filed his original § 2254 petition on April 14, 2022 – over 11 years after his AEDPA clock expired. Accordingly, Moseley filed his petition outside of AEDPA's statute of limitations.

(Doc. 5, PageID.31-34) (footnotes in original).

Because Moseley's petition was filed beyond his AEDPA deadline, the petition is untimely and time barred unless he can show he is entitled to equitable tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) ("If a defendant files a petition for a federal writ of habeas corpus beyond the one-year limitation period, the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling."). A petitioner may be entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Id*. (citing *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010)). The burden of establishing circumstances warranting "the doctrine of equitable tolling rests squarely on the Petitioner." *San Martin*, 633 F.3d at 1268 (citation omitted). In Moseley's motion to proceed without being time barred (Doc. 9), he argues that:

> Due to being transferred to another facility by the Department of Corrections that did not have an adequate law library, I had to get all my research done on the outside [of prison]. Due to this reason, I could

---

Moseley and assume the highest state court having jurisdiction issued its ruling on the latest possible date in June 2009.

[9] Unlike in direct appeals, the time for seeking certiorari review with the United States Supreme Court in state post-conviction proceedings does not toll the AEDPA clock. *See Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007).

> not file in a timely manner. I had to go through several people on the outside before I found my new wife who has her bachelor's degree in Criminal Justice who gathered all the information that I need to be able to file this Habeas petition. [For] all my information I have to go through her to get because this facility that I am at does not have a library that has the information I need.

(Doc. 9, PageID.42) (cleaned up).

As a general matter, it is well-settled in this Circuit that lack of access to, or inadequacy of, a prison law library is not sufficient on its own to establish the extraordinary circumstances warranting equitable tolling. *Bell v. Sec'y, Dep't of Corr.*, 248 F. App'x 101, 104 (2007) (per curiam) (unpublished) (citing *Akins*, 204 F.3d 1086 at 1089). *See Carter v. Price*, 2014 U.S. Dist. LEXIS 34523, *11 (M.D. Ala. 2014) ("[C]ursory assertions regarding the inadequacy, or lack of access to, the prison law library are insufficient to warrant equitable tolling of the statute of limitations") (citing *Akins*, 204 F.3d at 1090; *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998))). Rather, "a petitioner claiming deficiencies in, or access to, the prison law library must provide details of the specific actions taken toward filing the petition … [a]bsent such evidence the connection between the petitioner's untimely filing and any alleged inadequacies in, or lack of access to, the law library is insufficient." *Carter*, 2014 U.S. Dist. LEXIS 34523 at *11 (citations and internal quotation omitted). *See Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1314 (11th Cir. 2001) (rejecting equitable tolling claim when "record evidence is insufficient to support a connection between [Petitioner's] untimely filing and any alleged inadequacies in the prison library"), *and Miller*, 141 F.3d at 978 ("Mr. Miller has provided no specificity regarding the alleged access and the steps he took to diligently pursue his federal claims … It is not enough

7

to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

In this case, Moseley has not provided any specificity or detail to his claim the law library is inadequate, (Doc. 9, PageID.42), and cursory allegations of inadequacy will not suffice. *Accord. Carter*, 2014 U.S. Dist. LEXIS at *11; *Helton*, 259 F.3d at 1314; *Miller* 141 F.3d at 978. Simply alleging "I had to get all my research done on the outside [of prison]" because "this facility that I am at does not have a library that has the information I need" (Doc. 9, PageID.42) is not enough to carry his burden of establishing that his circumstances are truly extraordinary for tolling purposes.

Moreover, Moseley's motion refers to a *new* facility lacking adequate materials, beginning his motion by stating "[d]ue to being transferred to another facility…" (*Id.*). However, no information is provided about the old facility, which is arguably more relevant given that Moseley's AEDPA deadline is now more than 11 years passed. His motion does not detail whether there was a law library at the prior facility with adequate materials (or not), whether any attempt was made to access a law library at this prior location, or what reason – if any – existed for why he did not file his § 2254 petition while located there. Additionally, though Moseley's actions demonstrate some level of diligence toward filing his petition (*i.e.*, using resources outside the prison and the assistance of his new wife), these actions do not explain – nor justify – the 11-year delay in doing so. In sum, Moseley's motion does not satisfy his burden of showing either extraordinary circumstances or a diligent pursuit of rights that would entitle him to equitable tolling.

### III. *Certificate of Appealability*

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the § 2254 Rules. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by State court." 28 U.S.C.A. § 2253(c)(1)(A).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon consideration, the undersigned **RECOMMENDS** Moseley be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present § 2254 habeas petition, as reasonable jurists would at least not find it debatable whether the Court was correct in its procedural ruling dismissing his petition as untimely.[10]

---

[10] Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this

9

## IV. *Appeal In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished). Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court **CERTIFY** that any appeal by Moseley of the denial of the present § 2254 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[11]

---

recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. Should this Court deny a certificate of appealability, Petition "may not appeal the denial buy may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[11] Moseley may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## V. Conclusion

For the reasons stated herein, the undersigned **RECOMMENDS** Moseley's motion to proceed without being time barred be **DENIED**. Accordingly, the undersigned **RECOMMENDS** his amended § 2254 petition (Doc. 3) be **DISMISSED with prejudice** as time barred from consideration under AEDPA. Further, the undersigned **RECOMMENDS** Moseley be **DENIED** a Certificate of Appealability and that the Court **CERTIFY** that any appeal by Moseley of the denial of the present amended § 2254 petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should not that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 13th day of December 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**